PER CURIAM.
A partnership acting as a real estate developer sued its construction lender for breach of a commitment to lend funds. The first action resulted in a hung jury, and a mistrial was declared. On retrial of the issues, a verdict was had for the defendant, and appeal is taken from the judgment entered thereon. We affirm.
The parties were mutually involved in the construction of an apartment complex in Jacksonville. Appellant is a limited partnership consisting of twenty-five limited partners, and two general partners performing the actual construction, and the administration of the enterprise.
The original construction loan of $3.2 million was drawn down before the project was completed, and to avoid a foreclosure undesirable to both parties, they agreed that appellee lender would provide an additional $850,000 to finish. Toward that end, appel-lee issued a written commitment, which appellant accepted, spelling out the terms under which the additional funds were to be made available. The commitment letter specified that the $850,000 figure represented the projected costs to completion; it required an independent verification of such costs, and included the somewhat ambiguous proviso that “[a]ny substantial deviation from these estimates must be approved by [appellee].” Thus, the testimony of one of appellee’s corporate officers, that “[t]he amount of $850,000 was the number that was agreed upon and developed by the borrower ... as the amount of money that was going to be necessary to complete the improvements and pay off existing debts of the borrower ...,” as well as the language of the commitment letter itself, amply bear out appellee’s contention that the commitment was conditioned upon appellant’s ability to complete the project with the additional funds: as expressed by appellee’s counsel, while appellee was willing to see the project through, it had no desire to “throw good money after bad.”
During a title check made shortly before the scheduled disbursement of the additional funds, appellee discovered the existence of a mechanic’s lien filed against the property, representing the indebtedness of one firm to another in the chain of sub-materi-almen, in the approximate amount of $125,-000. Since the existence of the lien was not envisioned by appellee at the time it extended its commitment (and appellant may not have known of its existence either), appellee informed appellant borrower that either the lien would have to be released or expunged, or the lienor would have to inform appellee that the debt was no longer owed. Appellant apparently made no effort to comply with those terms. Over a month later, construction having stopped, without action by appellant to remedy the problem regarding the lien, appellee foreclosed, and purchased the property at the foreclosure sale. When it became apparent that foreclosure was imminent, appellant' brought the action in the circuit court, the result of which it now appeals.
Appellant submitted to the jury that ap-pellee was required by the commitment to remove all liens, and thus, that the continued existence of the sub-materialman’s lien did not justify appellee’s non-performance of the commitment letter. By reference to the letter itself, and after hearing testimony on the issue, the jury reached the conclusion that appellant’s argument was without merit. We are not at liberty to disturb their conclusion.
With regard to appellant’s claim that it was prejudiced by admission into evidence of a final judgment in a related proceeding, we find that error, if committed, was harmless, because the evidence was cumulative. Therefore, we affirm.
Affirmed.